**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| QVC, INC., | : | |
| Studio Park | : | |
| 1200 Wilson Drive | : | |
| West Chester, Pennsylvania 19380, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. _____ |
| v. | : | |
| | : | |
| VALUEVISION MEDIA, INC., | : | |
| d/b/a ShopNBC | : | |
| 6740 Shady Oak Road | : | |
| Eden Prairie, Minnesota 55344, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT- CIVIL ACTION**

Plaintiff, QVC, Inc., by and through its undersigned counsel, hereby complains of defendant, ValueVision Media, Inc. d/b/a ShopNBC, as follows:

**PARTIES**

1. Plaintiff, QVC, Inc. ("Plaintiff"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at Studio Park, 1200 Wilson Drive, West Chester, Pennsylvania 19380.

2. Defendant, ValueVision Media, Inc. d/b/a ShopNBC ("Defendant"), is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 6740 Shady Oak Road, Eden Prairie, Minnesota 55344.

3. At all times material hereto, Defendant acted by and through its agents, employees, servants and representatives, actual or apparent, any and all of who were acting, or

purporting to act, within the course and scope of their authority, agency duties and/or employment.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction of the subject matter and the parties under 28 U.S.C. § 1331 because this action arises under § 39 of the Federal Trademark Act, and the Judicial Code, 28 U.S.C. §§ 1331, 1332(a) and (c), 1338 and 1367, because this case arises under the Federal Trademark Act, as amended, 15 U.S.C. §§ 1061, *et seq.* In addition, this Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and the matter is between citizens of different States.

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a)(1) and 1391(b) and (c) because Defendant regularly conducts business, and therefore resides, in this district.

## FACTS COMMON TO ALL COUNTS

6.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 5 inclusive as if set forth fully at length herein.

7.  Plaintiff is a general merchandise electronic retailer that markets and distributes a wide variety of products, including jewelry, through interstate commerce directly to consumers by and through various means and media, including, among other things, its merchandise-focused, direct response television programming and the internet.

8.  Plaintiff is one of the largest multimedia retailers in the world, and it broadcasts live 24 hours a day, 364 days a year. Plaintiff's programming reaches 96 million U.S. households and more than 167 million cable and satellite homes worldwide. To date, 50 million people worldwide have shopped with Plaintiff.

9. Defendant also is a general merchandise electronic retailer that markets and distributes a wide variety of products through interstate commerce directly to consumers by and through various means and media, including, among other things, its merchandise-focused, direct response television programming and the internet. Defendant markets and distributes its products through internet sales from its website, *www.shopnbc.com*. Defendant currently employs several former officers of the Plaintiff, including Keith Stewart ("Stewart"), Defendant's Chief Executive Officer, and Darlene Daggett ("Daggett"), a consultant to Defendant who, during her 22-year employment history with Plaintiff, was responsible for Plaintiff's U.S. operations and was personally involved with Plaintiff's marketing and sales strategies. Another former officer of Plaintiff, Randy Ronning ("Ronning"), is Chairman of Defendant's Board of Directors. Defendant is a direct competitor of Plaintiff.

10. Since 1987, Plaintiff has conducted a 24-hour gold event sale under the name and service mark KLONDIKE GOLD RUSH. Every year, on August 17th, the anniversary of the historic gold rush that took place in the Klondike regions of Canada and Alaska, and sometimes for the entire week of such anniversary, Plaintiff promotes and features 24-hours of programming featuring the advertisement, promotion and sale of gold jewelry on and in connection with its KLONDIKE GOLD RUSH mark, on its television home shopping services and its on-line internet retail store. Plaintiff has used the KLONDIKE GOLD RUSH name and mark continuously since the aforementioned date as the name and brand of said annual 24-hour gold sales event.

11. Plaintiff's KLONDIKE GOLD RUSH mark is registered in the United States Patent and Trademark office under U.S. Reg. No. 2500200 ("KLONDIKE GOLD RUSH" or the "Mark"), and Plaintiff has used this Mark continuously and exclusively in interstate commerce in

connection with providing its television home shopping services featuring gold jewelry, including advertising, marketing and sales by telephone, television and Plaintiff's on-line internet retail store.

12. Registration No. 2500200 is *prima facia* evidence of the validity and Plaintiff's ownership of the Mark. Registration No. 2500200 has achieved incontestable status under § 15 of the Lanham Act, 15 U.S.C. § 1065, and this Registration is conclusive evidence of Plaintiff's exclusive right to use the Mark in commerce. A true and correct copy of Registration No. 2500200 is attached hereto as Exhibit "A" and made a part hereof.

13. Plaintiff has expended substantial sums in promoting the KLONDIKE GOLD RUSH mark in connection with its television home shopping services, including but not limited to significant expenditures devoted to advertising and marketing for its television and internet shopping services and, in particular, in connection with its annual KLONDIKE GOLD RUSH gold jewelry event. True and correct examples of Plaintiff's promotional materials for the KLONDIKE GOLD RUSH sale are attached hereto as Exhibit "B" and made a part hereof.

14. The Mark has been very successful for Plaintiff. Plaintiff's sales under the mark KLONDIKE GOLD RUSH have been, and are significant, totaling over $390 million from 1990 to 2008.

15. As a result of the extensive and substantial promotion, advertising and sales of its services under the KLONDIKE GOLD RUSH mark, and the maintenance of the highest quality standards relating thereto, the KLONDIKE GOLD RUSH mark has become exceedingly well known to the general public and the industry as a distinctive indication of origin of services offered by and through Plaintiff.

16. Plaintiff learned that Defendant was using, and intended to use, the name

"KLONDIKE GOLD DAY" in connection with 24 hour television home shopping and online internet retail sales event featuring gold jewelry scheduled for Saturday, August 22, 2009, only five days after QVC's annual KLONDIKE GOLD RUSH event. The name, as well as the timing and the nature of these services, are identical to or highly related to the services provided by Plaintiff under the KLONDIKE GOLD RUSH mark. Defendant's use of KLONDIKE GOLD DAY in connection with television home shopping and online internet sales of gold jewelry has created, and is likely to continue to create, consumer confusion as to the source of Defendant's services.

17. Notwithstanding Plaintiff's well established prior rights in the Mark, Defendant intentionally and deliberately used a service mark that is nearly identical to Plaintiff's Mark, and used the mark in connection with identical or substantially identical services in the same channels of commerce. In so doing, Defendant is exploiting and trading upon the substantial goodwill and reputation of Plaintiff symbolized by the Mark.

18. This includes, but is not limited to, the timing of Defendant's use of KLONDIKE GOLD DAY. Defendant scheduled KLONDIKE GOLD DAY only five days after Plaintiff's KLONDIKE GOLD RUSH event, thereby taking unfair advantage of Plaintiff's substantial advertising and promotion of the event. Defendant's use of a service mark nearly, if not completely identical to that of Plaintiff's KLONDIKE GOLD RUSH mark also enabled Defendant to confuse and mislead its customers into believing that Defendant's services emanate from, or otherwise are sponsored or approved by, Plaintiff. Defendant seeks to capitalize on the goodwill engendered by Plaintiff's services by using the name KLONDIKE GOLD DAY.

19. Defendant, through, among other means Stewart, Daggett, Ronning and/or others, had actual or imputed knowledge of Plaintiff's use of the Mark prior to Defendant's adoption

and use of the mark KLONDIKE GOLD DAY, including its promotion, marketing and sales and services.

20. Plaintiff demanded that Defendant cease and desist infringing upon the Mark, and, at substantial cost and expense, prepared motion papers to file with this Court seeking an order enjoining Defendant from infringing upon Plaintiff's Mark, including enjoining Defendant from using KLONDIKE GOLD DAY in connection with Defendant's gold jewelry sale on August 22, 2009.

21. Following Plaintiff's demand and the substantiated statement of Plaintiff's intention to seek an injunctive relief, Defendant stated in a letter sent to Plaintiff on August 19, 2009 (the "August 19th Letter") that:

> ShopNBC has decided to use its previous term of "Gold Day" for the jewelry shows airing on August 22, 2009 and has informed the appropriate employees to make this change effective immediately.

22. In reliance upon Defendant's representations set forth in the August 19th Letter, Plaintiff reasonably believed that Defendant would not use KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY or any other mark confusingly similar thereto in promoting, marketing and conducting its "Gold Day" jewelry shows on August 22, 2009.

23. In reliance on Defendant's representations as set forth in the August 19th Letter, Plaintiff refrained from seeking an order from this Court enjoining Defendant from infringing upon Plaintiff's Mark, including enjoining Defendant from using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY or any other mark confusingly similar thereto in connection with Defendant's gold jewelry sale on August 22, 2009.

24. In contravention of its representations to Plaintiff, Defendant in fact utilized Plaintiff's Mark KLONDIKE GOLD RUSH, and confusingly similar marks thereto, in promoting and conducting its gold jewelry sale on August 22, 2009.

25. By way of example only, multiple hosts of Defendant's direct-response television programming made repeated references over several hours during their promotion and sale of gold jewelry to the Klondike Gold Rush and the anniversary of the Klondike gold discovery. In addition, Defendant promoted its gold jewelry sale by and through cable television providers utilizing the mark KLONDIKE GOLD DAY.

26. Defendant's conduct, in view of its representations to Plaintiff and its continued infringement upon Plaintiff's Mark by repeatedly using KLONDIKE GOLD DAY and confusingly similar marks thereto, was willful and in bad faith.

27. Plaintiff believes and therefore alleges that, in view of Defendant's conduct, there is a substantial risk that Defendant will continue to use or attempt to use KLONDIKE GOLD DAY, or a confusingly similar service mark, in the future, thereby continuing to infringe willfully and in bad faith upon Plaintiff's Mark.

### COUNT I – TRADEMARK INFRINGEMENT
### (Declaratory and Injunctive Relief)

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 inclusive as if set forth fully at length herein.

29. The use of KLONDIKE GOLD DAY and confusingly similar marks by Defendant in connection with television home shopping and online internet retail sale store services featuring gold jewelry has and is likely to continue to cause actual confusion among consumers who believe, contrary to fact, that Defendant's services are provided by or emanate from, or are otherwise sponsored or approved by, Plaintiff. Defendant's use of the KLONDIKE GOLD DAY mark infringes on Plaintiff's exclusive rights in its KLONDIKE GOLD RUSH Mark within the meaning of § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1).

30. Unless enjoined by this Court, Defendant will continue to infringe upon the Mark,

thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

**WHEREFORE**, plaintiff QVC, Inc. respectfully prays that:

(1)　　The Court enter a declaratory judgment that Defendant has infringed Plaintiff's exclusive rights in its KLONDIKE GOLD RUSH mark under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law;

(2)　　The Court enter judgment permanently enjoining Defendant and all others in privity or acting in concert with it, pursuant to § 34 of the Federal Trademark Act, 15 U.S.C. § 1116, from:

(a)　　using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY, or any other trademark, service mark, trade name, domain name or designation confusingly similar thereto;

(b)　　otherwise infringing the distinctive quality of the KLONDIKE GOLD RUSH mark; and

(c)　　competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

(3)　　The Court direct, pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, that Defendant deliver up for destruction or other disposition by Plaintiff all signs, brochures, displays, advertisements, labels, prints, decals, and all other materials in the possession, custody or control of Defendant which bear or are labeled with the name KLONDIKE GOLD DAY;

(4)　　The Court enter judgment requiring Defendant to pay to Plaintiff both the costs of this action and, in accordance with § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(a), find this to be an "exceptional" case and award Plaintiff's reasonable attorneys' fees; and

(5) The Court grant such other and further relief as deemed equitable and proper.

## COUNT II – TRADEMARK INFRINGEMENT
### (Damages)

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 inclusive as if set forth fully at length herein.

32. The use of the KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks by Defendant in connection with television home shopping and online internet retail sale store services featuring gold jewelry has and is likely to continue to cause actual confusion among consumers who believe, contrary to fact, that Defendant's services are provided by or emanate from, or are otherwise sponsored or approved by, Plaintiff.

33. Defendant's use of the KLONDIKE GOLD DAY mark infringes on Plaintiff's exclusive rights in its Mark within the meaning of § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1).

34. Defendant's use of KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and marks confusingly similar thereto in connection with television home shopping and online internet retail sale store services featuring gold jewelry is in bad faith and a willful infringement upon Plaintiff's Mark.

35. Plaintiff has sustained, and will continue to sustain, damages as a result of Defendant's conduct as described above.

**WHEREFORE**, plaintiff QVC, Inc. respectfully prays that:

(1) The Court enter judgment that Defendant has infringed Plaintiff's exclusive rights in its KLONDIKE GOLD RUSH mark under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law;

(2) The Court award to Plaintiff and against Defendant all available remedies

pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), including but not limited to:

      (a)     Defendant's profits;

      (b)     All damages sustained by Plaintiff; and

      (c)     Costs of this action;

(3)     The Court find this to be an "exceptional" case within the meaning of § 35(a) of the Federal Trademark Act and award to Plaintiff reasonable attorneys' fees; and

(4)     The Court grant such other and further relief as it deems equitable and proper.

## COUNT III – FALSE DESIGNATION OF ORIGIN
### (Declaratory and Injunctive Relief)

36.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 inclusive as if set forth fully at length herein.

37.     Defendant has engaged in acts of unfair competition under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a).

38.     The Mark, as used by Defendant in the manner hereinabove alleged, constitutes a false designation of origin within the meaning of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), which is likely to confuse or deceive the public as to the source, sponsorship and/or approval of the services provided by Defendant, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

39.     The nature and probable tendency and effect of the KLONDIKE GOLD DAY name in the manner hereinabove alleged is to enable Defendant to confuse or deceive the public by passing its services as emanating from or otherwise sponsored or approved by Plaintiff. Such conduct constitutes unfair competition with Plaintiff and is causing, and unless enjoined, will continue to cause Plaintiff immediate and irreparable injury for which it has no adequate remedy

at law.

      **WHEREFORE**, plaintiff QVC, Inc. respectfully prays that:

    (1)    The Court enter judgment that:

    (a)    Defendant has competed unfairly with Plaintiff under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a);

    (b)    Defendant is using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks so as to misrepresent the source or sponsorship of its services provided within the meaning of § 14(3) of the Federal Trademark Act, 15 U.S.C. § 1064(3), and in violation of Pennsylvania law; and

    (c)    Defendant has otherwise injured Plaintiff's business reputation by using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks in the manner complained of herein;

    (2)    The Court enter judgment permanently enjoining Defendant and all others in privity or acting in concert with it, pursuant to § 34 of the Federal Trademark Act, 15 U.S.C. § 1116, from:

    (a)    using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY, or any other trademark, service mark, trade name, domain name or designation confusingly similar thereto;

    (b)    otherwise infringing the distinctive quality of the KLONDIKE GOLD RUSH mark; and

    (c)    competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

    (3)    The Court direct, pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, that Defendant deliver up for destruction or other disposition by Plaintiff all signs,

brochures, displays, advertisements, labels, prints, decals, and all other materials in the possession, custody or control of Defendant which bear or are labeled with the name KLONDIKE GOLD DAY;

(4) The Court enter judgment requiring Defendant to pay to Plaintiff both the costs of this action and, in accordance with § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(a), find this to be an "exceptional" case and award its reasonable attorneys' fees; and

(5) The Court grant such other and further relief as deemed equitable and proper.

## COUNT IV – FALSE DESIGNATION OF ORIGIN
### (Damages)

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 inclusive as if set forth fully at length herein.

41. Defendant has engaged in acts of unfair competition under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a).

42. Defendant's conduct has been in bad faith and a willful infringement upon Plaintiff's Mark.

43. The Mark, as used by Defendant in the manner hereinabove alleged, constitutes a false designation of origin within the meaning of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), which is likely to confuse or deceive the public as to the source, sponsorship and/or approval of the services provided by Defendant, thereby causing Plaintiff immediate and irreparable injury.

44. The nature and probable tendency and effect of Defendant's use of KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks in the manner hereinabove alleged is to enable and/or has actually enabled Defendant to confuse or deceive the public by passing its services as emanating from or otherwise sponsored or approved by Plaintiff.

Such conduct constitutes unfair competition with Plaintiff.

45. Plaintiff has sustained, and will continue to sustain, damages as a result of Defendant's conduct as described above.

**WHEREFORE**, plaintiff QVC, Inc. respectfully prays that:

(1) The Court enter judgment that:

(a) Defendant has competed unfairly with Plaintiff under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a); and

(b) Defendant has otherwise injured Plaintiff's business reputation by using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks in the manner complained of herein;

(2) The Court award to Plaintiff and against Defendant all available remedies pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), including but not limited to:

(a) Defendant's profits;

(b) All damages sustained by Plaintiff; and

(c) Costs of this action;

(3) The Court find this to be an "exceptional" case within the meaning of § 35(a) of the Federal Trademark Act and award to Plaintiff reasonable attorneys' fees; and

(4) The Court grant such other and further relief as it deems equitable and proper.

### COUNT V – UNFAIR COMPETITION
### (Declaratory and Injunctive Relief)

46. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 inclusive as if set forth fully at length herein.

47. As set forth in the manner previously alleged, Defendant has engaged in acts of

unfair competition under the common law of the Commonwealth of Pennsylvania.

48. Defendant's acts, as set forth above, are calculated to procure an unfair competitive advantage by misappropriating valuable goodwill developed by Plaintiff at substantial effort and cost and represented by the distinctiveness of the Mark. Defendant's acts also misrepresent the nature, characteristics, qualities and origin of Defendant's business.

49. Defendant has competed, and, upon information and belief, will continue to, compete unfairly with Plaintiff unless restrained by this Court. As a result of Defendant's unfair competition, Plaintiff will incur substantial damages and loss of goodwill and profits, will be unable to control its good reputation and will sustain still further damages in an amount difficult to ascertain.

**WHEREFORE**, plaintiff QVC, Inc. respectfully prays that:

(1) The Court enter judgment that:

(a) Defendant engaged in acts of unfair competition under the common law of the Commonwealth of Pennsylvania;

(b) Defendant is using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks so as to misrepresent the source or sponsorship of its services in violation of Pennsylvania law; and

(c) Defendant has otherwise injured Plaintiff's business reputation by using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks in the manner complained of herein;

(2) Defendant and all others in privity or acting in concert with it, be preliminarily and permanently enjoined from:

(a) using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY, or any other

trademark, service mark, trade name, domain name or designation confusingly similar thereto;

    (b)  otherwise infringing the distinctive quality of the KLONDIKE GOLD RUSH mark; and

    (c)  competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

  (3)  The Court direct Defendant to deliver up for destruction or other disposition by Plaintiff all signs, brochures, displays, advertisements, labels, prints, decals, and all other materials in the possession, custody or control of Defendant which bear or are labeled with KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and/or any confusingly similar marks;

  (4)  The Court enter judgment requiring Defendant pay to Plaintiff both the costs of this action and its reasonable attorneys' fees; and

  (5)  The Court grant such other and further relief as this Court deems equitable and proper.

## COUNT VI – UNFAIR COMPETITION
### (Damages)

50.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 and inclusive as if set forth fully at length herein.

51.  As set forth in the manner previously alleged, Defendant has engaged in acts of unfair competition under the common law of the Commonwealth of Pennsylvania.

52.  Defendant's acts, as set forth in the manner previously alleged, were and are calculated to procure an unfair competitive advantage by misappropriating valuable goodwill developed by Plaintiff at substantial effort and cost and represented by the distinctiveness of the Mark. Defendant's acts also misrepresent the nature, characteristics, qualities and origin of Defendant's business.

53. Defendant has competed, and, upon information and belief, will continue to compete, unfairly with Plaintiff. As a result of Defendant's unfair competition, Plaintiff has incurred, and will continue to incur substantial damages and loss of goodwill and profits, will be unable to control its good reputation and will sustain still further damages in an amount difficult to ascertain.

**WHEREFORE**, plaintiff QVC, Inc. respectfully prays that:

(1) The Court enter judgment that:

    (a) Defendant has engaged in acts of unfair competition under the common law of the Commonwealth of Pennsylvania;

    (b) Defendant is using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks so as to misrepresent the source or sponsorship of its services in violation of Pennsylvania law; and

    (c) Defendant has otherwise injured Plaintiff's business reputation by using KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks in the manner complained of herein;

(2) The Court award to Plaintiff and against Defendant all available remedies including but not limited to:

    (a) Defendant's profits;

    (b) All damages sustained by Plaintiff;

    (c) Costs of this action;

    (d) Plaintiff's reasonable attorneys' fees; and

(3) The Court grant such other and further relief as it deems equitable and proper.

## COUNT VII –ACCOUNTING AND CONSTRUCTIVE TRUST

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27, 33 through 35, 41 through 45, and 51 through 53 inclusive as if set forth fully at length herein.

55. As a result of Defendant's conduct, as described above, Plaintiff is entitled to an accounting of any and all proceeds, earnings and profits received by Defendant in violation of Plaintiff's rights.

56. Plaintiff is entitled to have the aforesaid proceeds, earnings and profits disgorged and remitted to Plaintiff.

57. Defendant, for the reasons described above, is a constructive trustee for the benefit of Plaintiff of all such proceeds, earnings and profits, with all attendant fiduciary responsibilities and obligations thereof.

**WHEREFORE**, plaintiff, QVC, Inc., respectfully prays that:

(1) The Court enter judgment requiring Defendant to:

(a) account for any and all proceeds, earnings and profits derived from any and all promotion, marketing, sale, or distribution gold jewelry products promoted, advertised, marketed, sold or otherwise distributed in connection with the use of KLONDIKE GOLD RUSH, KLONDIKE GOLD DAY and confusingly similar marks;

(b) appoint a constructive trustee for the benefit of the Plaintiff of any and all such proceeds, earnings and profits, with all attendant fiduciary responsibilities and obligations thereof; and

(c) disgorge any and all such proceeds, earnings and profits and directing that such proceeds, earnings and profits to be remitted to the Plaintiff; and

(2) The Court grant such other and further relief as this Court deems equitable and proper.

Date: September 4, 2009

SAUL EWING LLP
A Delaware Limited Liability Partnership

/s/ Nathaniel Metz
Nathaniel Metz, Esquire
(Signature Validation No. NM264)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
(610) 251-5099
(610) 722-3271 (fax)
*nmetz@saul.com*
  and
Amy S. Kline, Esquire
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA 19102
(215) 972-8567
(215) 972-1943 (fax)
*akline@saul.com*

Attorneys for Plaintiff QVC, Inc.

OF COUNSEL:

Sherry H. Flax, Esquire
Saul Ewing LLP
500 E. Pratt St. Suite 900
Baltimore, MD 21202
(410) 332-8600
(410) 332-8785 (fax)
*sflax@saul.com*

# Exhibit "A"

# Exhibit "B"